OPINION
Plaintiff-appellant Diane Welch appeals the Judgment Entry of the Richland County Court of Common Pleas granting summary judgment in favor of defendants-appellees Columbia Gas of Ohio, Inc., et al.
 STATEMENT OF THE CASE
On May 30, 1996, appellant filed a complaint in the Richland County Court of Common Pleas alleging that appellees Columbia Gas of Ohio, Inc., Michael Law, and Marty Huddleston discriminated against her in violation of R.C. Chapter 4112 based upon her age, sex, and disability, and subjected her to hostile work environment sexual harassment.
On May 21, 1997, appellees filed a motion for summary judgment on all the claims asserted in appellant's complaint. Although appellant did not oppose appellees' motion regarding her claim of hostile work environment sexual harassment, appellant did oppose the motion with respect to her claims for age, sex, and disability discrimination, as well as appellees' argument that Law and Huddleston could not be held individually liable for discriminatory conduct.
Via Judgment Entry dated July 15, 1997, the trial court granted appellee's motion for summary judgment.
It is from this Judgment Entry appellant prosecutes this appeal raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE THERE IS A QUESTION OF INTENT TO DISCRIMINATE BASED UPON UNDISPUTED FACTS. (OPINION AND ORDER)
 II. THE TRIAL COURT ERRED IN MAKING DETERMINATIONS OF ISSUES OF FACT IN RULING ON SUMMARY JUDGMENT. (OPINION AND ORDER)
 III. THE TRIAL COURT ERRED IN DISMISSING THE INDIVIDUAL DEFENDANTS.
 STANDARD OF REVIEW
Summary judgment motions are to be resolved in light of the dictates of Civ. R. 56. Civ. R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears that a material fact is genuinely disputed. In order to survive a motion for summary judgment, the non-moving party must produce evidence on any issue to which that party bears the burden of production at trial. Wing v. AnchorMedia Ltd. of Texas (1991), 59 Ohio St.3d 108, citing Celotex v.Catrett (1986), 477 U.S. 317. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35, 36.
 I
We overrule this assignment of error for the reasons set forth in the trial court's July 15, 1997 Judgment Entry, which we hereby incorporate, in relevant part, as if fully rewritten and as attached hereto.
 II
In her second assignment of error, appellant contends the trial court erred in making factual determinations. Appellant explains, although the trial court acknowledged the existence of disputed facts, "it found the same to be immaterial to determination of [appellees'] summary judgment motion." Brief of Plaintiff-Appellant, p. 18. Appellant asserts the trial court's disregard of these material facts as well as its resolution of factual disputes is contrary to law.
While we agree with appellant that the record contains contradictory evidence which creates disputed facts, we find such disputes to be immaterial to the issues at hand. Pursuant to Civ. R. 56, summary judgment shall be rendered if there is "no genuine issue as to any material fact." (Emphasis added). We agree with the trial court that the factual disputes are not material facts which would render the granting of summary judgment improper.
Furthermore, because we sit in the shoes of a trial court when reviewing a trial court's granting of a motion for summary judgment, see, Smiddy v. The Wedding Party, Inc., supra, we do not find any of the disputed facts from which it appears the trial court made factual determinations material to the resolution of the instant appeal.
Appellant's second assignment of error is overruled.
 III
Because we found, supra, appellant failed to establish aprima facie case of discrimination with sufficient evidence to withstand the granting of summary judgment, we find such failure applies to all named defendants and, as such, we find it unnecessary to address whether supervisory employees of an employer can be held individually liable under R.C. Chapter 4112.
Accordingly, we overrule this assignment of error as moot.
The Judgment Entry of the Richland County Court of Common Pleas is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, P.J. concurs.
 JUDGMENT ENTRY
CASE NO. 97-CA61-2
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.